[Crim. No. 6.   Department One.—June 26, 1895.]

THE PEOPLE, RESPONDENT, *v.* LEONG FLY, AP-. PELLANT.

CRIMINAL LAW—EMBEZZLEMENT—CONSISTENCY OF FINDING—SUPPORT OF VERDICT—VENUE.—Where a defendant, accused of the crime of embezzlement of a horse, wagon, and harness in the county in which they were received, is proved to have sold and traded off the horse in another county, but to have retained the wagon and harness which were found in his possession in the county where the horse was sold, a verdict finding the defendant guilty of embezzling the horse in the county in which the horse, wagon, and harness were all originally received, and not referring to the wagon and harness, will not be set aside upon the ground of inconsistency of the jury in not finding the defendant guilty of embezzling all of the property described, nor upon the ground that the effect of the verdict is to show that the defendant was prosecuted in the wrong county.

ID.—PLACE OF EMBEZZLEMENT—COMPLETION OF OFFENSE—SALE OF HORSE. The offense of embezzlement in the county where the horse was received was complete the moment it was taken with intent wrongfully to appropriate it, regardless of the subsequent removal of the property to another county and the sale of the horse therein.

APPEAL from a judgment of the Superior Court of San Diego County and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Rawson & Merchant,* for Appellant.

When a jury finds a defendant, who is charged in an indictment with stealing several articles, guilty of stealing one only of them it is an acquittal as to the others. (*People* v. *Wiley,* 3 Hill, 194; *Swinney* v. *State,* 8 Smedes & M. 576.) The offense must have been complete within

CVII. CAL.—32

San Diego county, in order to give the court of that county jurisdiction. (*People* v. *Valenzuella*, 6 Pac. C. L. J. 561.)

*Attorney General W. F. Fitzgerald*, for Respondent.

The embezzlement of a part of the sum of money in question, or one of a number of articles set out in the information, is sufficient to sustain the verdict; but it, of course, acts as an acquittal as to all the other articles enumerated. (*People* v. *Gray*, 23 Cal. 125; *Gerard* .v. *State*, 10 Tex. App. 690; 6 Am. & Eng. Ency. of Law, 503.) An indictment for embezzlement may be laid either in the county in which the money or property was received, or in the county into which it has been taken. (6 Am. & Eng. Ency. of Law, 498, and cases there cited.)

VAN FLEET, J.—The defendant was informed against, tried, and convicted in the county of San Diego of the crime of embezzlement, and sentenced to the state prison for a term of two years. He appeals from the judgment and from an order denying him a new trial.

The property charged to have been embezzled was a horse, wagon, and harness. It appeared without conflict that defendant and a confederate took the property charged in the county of San Diego and carried it into the county of Orange, where they sold or traded off the horse, but retained the wagon and harness, which latter were found in their possession when they were arrested in Orange county. The defense was that there was no intention to embezzle the property, but to return it in due time to the owner. The defendant was tried separately, and the jury found him guilty of embezzling the horse, but the verdict was silent as to the wagon and harness, which in legal effect was an acquittal as to the latter.

Although not so stated in terms, the real and only question involved in the appeal is whether the evidence sustained the verdict. The position taken by defend-

ant is somewhat novel, not to say peculiar. The argument is that, inasmuch as the evidence shows that all the property was taken by the same act in San Diego county, and was carried together into Orange county, if defendant was guilty of embezzling the horse in San Diego he was equally guilty of embezzling the wagon and harness, and the jury would, under the evidence, necessarily have so found. And from this it is argued that the only consistent deduction to be drawn from the verdict is that the jury took the sale of the horse in Orange county to constitute the act of embezzlement, since, counsel argue, "had they found the offense to have been committed in San Diego county, as charged in the information, consistency and reason would have caused them to find the defendant guilty of embezzling the wagon and harness also." Upon these premises counsel base the contention that the verdict is inconsistent with the evidence upon which it is based, and that the effect of the verdict is to show that defendant was prosecuted in the wrong county. However plausible the reasoning, the conclusion does not follow. Unfortunately for defendant's position, we cannot review the verdict for its apparent want of "consistency and reason," if it be good in form and supported by the facts and the law. It is true, as contended, that it is difficult to perceive upon what theory the jury, under the evidence, arrived at the conclusion that defendant embezzled the horse and not the wagon and harness, since in law he was as guilty of converting the latter as the former. But we are not called upon to reconcile this apparent inconsistency. The fact remains that the verdict rendered was one which the jury were authorized under the law to find. They were not required, in order to convict, to find that defendant had embezzled all the property charged, and it was for them to say what part, if not all, had been converted. They found that he had embezzled the horse, and this finding is amply sustained by the evidence. The necessary implication of the verdict is that the act was committed in San Diego county,

and this fact likewise there is evidence in the record to sustain. The offense was complete the moment defendant took the property with intent to wrongfully appropriate it, and this intent the jury have said by their verdict was formed in San Diego. The fact that the jury might or should, under the evidence, in order to be "consistent," have found defendant guilty of embezzling all of the property, cannot militate against the sufficiency of the verdict as found. Consistency does not always find lodgment in the jury-room. The vagaries of juries are not infrequent, and are often inscrutable, but so long as the verdict is good in substance, and the substantial rights of the parties remain unaffected, it cannot be set aside on that ground.

Judgment and order affirmed.

GAROUTTE, J., and HARRISON, J., concurred.