[Crim. No. 284.   First Appellate District—September 22, 1910.]

THE PEOPLE, Respondent, v. C. E. KINARD, Appellant.

CRIMINAL LAW—EMBEZZLEMENT—WRONGFUL CASHING OF CHECK—MIS-
APPROPRIATION—STATUTE OF LIMITATIONS.—Where the defendant was
intrusted with a check payable to him by the prosecuting witness
with instruction not to draw it until she should send for it on her
visit in Australia, and the defendant wrongfully cashed the check
on the following day, and misappropriated defendant's money to
his own use, an information filed charging embezzlement of the
money three years and five months after the date of misappropria-
tion of the money, and two years and six months after the discovery
of the misappropriation by the prosecuting witness, is barred by the
statute of limitations.

ID.—DEMAND NOT ESSENTIAL TO PUT CRIMINAL STATUTE IN MOTION.—It
is held in this case that a demand upon the defendant for the money
misappropriated was not essential to put the criminal statute in
motion upon the charge of embezzlement, which commenced to run
from the date of its misappropriation, and expired at the end of
three years thereafter with no attempt at prosecution, though known
by the prosecuting witness to have existed long before the expiration
of the statute.

APPEAL from a judgment of the Superior Court of
Alameda County.   F. B. Ogden, Judge.

The facts are stated in the opinion of the court.

James H. Boyer, for Appellant.

U. S. Webb, Attorney General, and Crittenden Thornton,
for Respondent.

COOPER, P. J.—The defendant was charged in the in-
formation with the crime of embezzlement in having received
and appropriated to his own use, on the tenth day of Decem-
ber, 1907, the sum of $225, the property of one Mrs. Louisa
Lamprell.   The evidence shows that on the twenty-fourth day
of October, 1906, Mrs. Lamprell drew a check on the Oak-
land Bank of Savings in favor of the defendant, and ex-
pressly instructed the defendant not to draw the money until
such time as she should send for it from Australia, where

she intended to go on a visit. The defendant, contrary to his instructions, cashed the check on the following day and appropriated the money to his own use on said day by paying the same to one Whitehead on account of his own indebtedness by reason of the purchase of land from said Whitehead. Mrs. Lamprell returned to California in September, 1907; and upon discovering by inquiry at the bank that defendant had collected the money on the day after the check was drawn, made various efforts to collect the money from defendant, who put her off from time to time with various misrepresentations, excuses and subterfuges. On December 10, 1907, after various efforts to collect the money, she made a demand in writing upon the defendant for the return of the money, which demand was not complied with, and the money has never been returned to her.

The information was filed March 28, 1910, three years and five months after the defendant had appropriated the money, and two years and six months after Mrs. Lamprell knew of such misappropriation.

The claim is made that the offense is barred by the statute of limitations, and we are constrained to so hold. (Pen. Code, sec. 800; *Ex parte Vice,* 5 Cal. App. 153, [89 Pac. 983]; *Territory* v. *Munroe,* 10 Ariz. 53, [85 Pac. 651]; *People* v. *Goodrich,* 142 Cal. 216, [75 Pac. 796]; *People* v. *Fly,* 107 Cal. 497, [40 Pac. 805].) In this case a demand was not necessary to start the running of the statute. It is not a case where the defendant held the funds in some official capacity, such as guardian, trustee of an express trust, treasurer of a society or corporation, or under such circumstances that he could not know to whom he could legally turn over the funds. The statute commenced to run on the day the money was wrongfully appropriated and the full three years expired with no attempt at prosecution.

The judgment is reversed.

Hall, J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 10, 1910.