[Crim. No. 250. Third Appellate District.—September 2, 1914.]

THE PEOPLE, Respondent, v. H. N. PERRY, Appellant.

CRIMINAL LAW—JURORS—VOIR DIRE EXAMINATION—DISALLOWANCE OF QUESTIONS—HARMLESS ERROR.—In a prosecution for selling intoxicating liquors in no-license territory error, if any, in disallowing questions to a juror on his *voir dire* examination is without prejudice to the defendant, if he exhausts but seven of the peremptory challenges to which he is entitled and the juror is accepted and constitutes one of the panel that tries the case.

ID.—INTOXICATING LIQUORS—SALE IN NO-LICENSE TERRITORY—EVIDENCE OF OTHER SALES.—In such prosecution error, if any, in admitting testimony of prior sales of liquor by the defendant, is cured if the court orders the evidence to be stricken out and instructs the jury to wholly disregard it, and other evidence produced by the people justifies the verdict of guilty.

ID.—INFORMATION—ERROR IN ALLEGING PLACE OF SALE—AMENDMENT.— If the information in such case charges that the offense was committed in no-license territory but mentions the wrong township, it is not error to permit the district attorney to amend the information in this respect at the trial.

ID.—PLACE OF SALE OF LIQUOR—NECESSITY OF PARTICULARLY DESCRIBING IN INFORMATION.—It is the better practice, where infractions of the Local Option Law are charged, to describe the unit within which they have occurred by name or number, as the case may be, so as to particularly identify it, but where the information, merely following the language of the act, charges that the illicit sale was made in "no-license territory," that should be a sufficient statement of the offense to inform the defendant of the particular offense against which he is thus required to defend.

APPEAL from a judgment of the Superior Court of Butte County. H. D. Gregory, Judge.

The facts are stated in the opinion of the court.

W. K. Hays, for Appellant.

U. S. Webb, Attorney-General, and J. Chas. Jones, Deputy Attorney-General, for Respondent.

HART, J.—Convicted of the crime of selling intoxicating liquor in the fifth supervisorial district of Butte County, said district having been at a date prior to that of the commission

of the alleged crime made by the electors thereof no-license territory under the Local Option Law, the defendant brings this appeal to this court from the judgment, claiming to be entitled to a reversal thereof on the grounds: 1. That the court erred in its rulings disallowing answers to certain questions propounded by counsel for the defendant to certain jurors on their *voir dire* examination; 2. That the court erred in allowing testimony of sales of intoxicating liquor by the defendant, other than that alleged in the information; and, 3. That error was committed by permitting the district attorney to amend the information in a certain respect, to be hereafter more particularly explained.

1. It is wholly unnecessary to reproduce here the questions to which answers by the jurors were interdicted under the rulings of the court, as it is clear that the action of the court in that regard was without prejudice, even if it may well be conceded that to some of said questions answers could have with legal propriety been allowed. The only record here upon this point applies solely to the case of juror George A. Martin. It shows that the defendant exhausted but seven of the peremptory challenges to which he was entitled (Pen. Code, sec. 1070), and it further shows, at least presumptively, that juror Martin was satisfactory to the defendant, as he was accepted and constituted one of the panel which tried the cause. (*People* v. *Shafer,* 161 Cal. 573, 576, [119 Pac. 920, 921]: *Scragg* v. *Sallee,* 24 Cal. App. 133, [140 Pac. 706].)

2. The charge in the information is that the defendant did, on the twenty-fifth day of September, 1913, "sell intoxicating liquor, to wit, whiskey, a spiritous liquor, to H. A. Breedlove, in no-license territory, to wit: In Kimshew township, county of Butte," etc. The court, over objection by the defendant, permitted the district attorney to prove by other witnesses than Breedlove that they had, at various times prior to the date of the commission of the offense stated in the information, purchased intoxicating liquor from the defendant. Thereafter, the attorney for the defendant moved to strike out that testimony. The court granted the motion and instructed the jury to entirely disregard it in considering the question of the guilt or innocence of the defendant.

We are not prepared, nor is it necessary, to pass upon the question whether this is of that class of cases of which the case of the *People* v. *Whalen,* 154 Cal. 476, [38 Pac. 194], is

an example, and in which proof of other similar acts by the defendant is admissible for the purpose of showing that the specific act charged was not the result of mere accident or a mere adventitious circumstance but that it was done deliberately and with the intent to violate the law; for we think that, inasmuch as the testimony produced by the people in support of the charge well justified the verdict, the action of the court in striking from the record the testimony referred to and in instructing the jury to wholly disregard it in their consideration of the case, cured the error, if error it was, in admitting it. The jury are to be presumed to have heeded and obeyed that as well as the other instructions of the court.

3. The information, in its original draft, alleged that the defendant sold the liquor named therein "in no-license territory, to wit: In Kimeshew township, county of Butte, state of California, said Kimshew township being situate in the third supervisorial district of said county." Before the prosecution had finished its case in chief and, therefore, before the defendant had opened his defense, the evidence introduced by the people disclosed that Kimshew township is situated in the fifth instead of the third supervisorial district of said county, as alleged, and upon this fact being thus developed, the district attorney moved the court for permission to amend the information in that regard, and the motion was granted.

It would no doubt be the better practice, where infractions of the Local Option Law are charged, to describe the unit within which they have occurred by name or number, as the case may be, so as to particularly identify it, but we think that where the information, merely following the language of the act, charges that the illicit sale was made in "no-license territory," that ought to be a sufficient statement of the offense to inform the defendant of the particular offense against which he is thus required to defend.

The general rule in criminal pleading is that the charge sought to be laid therein is sufficiently set forth if it be alleged in the language of the statute defining the crime. There are, of course, some qualifications or exceptions to that rule. Still, in this case, we can conceive of no sound reason why the general rule above stated would not be applicable. If, for example, an information should state that the illicit sale of intoxicants had taken place "in the town of A, which said town is situated within no-license territory," it would seem

that such statement of the offense would not only be substantially in the language of the statute, but sufficient to apprise the defendant of all that it would be essential for him to be informed of in order to enable him to prepare himself to defend against the charge, viz.: the fact of the sale and the fact that such sale took place within the boundary lines of a dry unit.

We conclude, therefore, that, in this case, the information, having declared that the act charged was committed in "no-license territory" and then designated by name the particular township of said territory where said act took place, was sufficient in all respects to inform the defendant of the particular offense for which he was to be put upon his trial, which is all that is required in any criminal pleading, and that, therefore, the mere matter of the description of the "no-license" territory may be treated as surplusage. The question, then, so far as the character of the alleged "no-license territory" is concerned—that is, whether it is or is not in point of fact a dry unit—resolves itself into one of proof, the burden of which rests, of course, upon the people.

In principle, the proposition thus declared is cogently analogous to that stated in the case of *Ex parte Anixter,* 166 Cal. 762, 765, [138 Pac. 353], where, first declaring that neither the soliciting of orders nor the making of agreements within no-license territory for the sale of intoxicants to be delivered outside such territory was an act falling within the inhibitions of the Local Option Law, the court held that the fact that the liquors to which such solicitations or agreements related were to be delivered within a dry unit need not be alleged in the complaint or the information, inasmuch as it would be incumbent upon the people to prove that fact and that their failure to do so would completely exonerate the defendant.

But, in any event, it cannot be perceived how the substantial rights of the defendant could have been prejudiced by the amendment of the information as shown.

Amendments of criminal pleadings, to a certain extent, are authorized by section 1008 of the Penal Code, as amended by the legislature of 1911 (Stats. 1911, p. 436), which, in part, provides: "An indictment or information may be amended by the district attorney without leave of court, at any time before the defendant pleads. Such amendment may be made at any

time thereafter, in the discretion of the court, where it can be done without prejudice to the substantial rights of the defendant. An indictment cannot be amended so as to change the offense charged, nor an information so as to charge an offense not shown by the evidence taken at the preliminary examination.''

As shown, the information charges that the act of selling the intoxicants was committed ''in no-license territory, to wit: Kimshew township, county of Butte,'' etc. These allegations were, of course, essential to the statement of the offense. Now, then, if it be proper or necessary for the information to specifically describe by name or otherwise the particular ''no-license territory,'' can it be said that for that reason such description becomes an essential constituent of the crime? Clearly not. While it might be important to specifically designate or describe the particular dry unit within which the act of selling was committed, it cannot, manifestly, be said that such designation or description is any part or element of the crime or is essential to the statement of the gist or gravamen of the charge, which is, obviously, the act of selling within the limits of no-license territory.

Clearly, the mere making of a correction in the description or in the name of the no-license territory cannot have the effect of charging an offense different from that originally charged, or of inserting in the information any new or additional allegations of fact requiring the defendant to prepare for any further or different defense against the charge than that required of him before such amendment or correction was made.

The defendant at the trial had the full benefit of his plea of not guilty to the information and as ample opportunity to meet the charge after the amendment as he could have had prior thereto. His substantial rights could not have been affected or impaired in the slightest measure by an amendment of the information which could not and did not change the nature of the charge against him.

We have discovered no substantial reason calling for a reversal of the judgment and it is, therefore, affirmed.

Chipman, P. J., and Burnett, J., concurred.