[Crim. No. 712.   Third Appellate District.—October 16, 1923.]

THE  PEOPLE,  Respondent,  v.  JENS  OLSEN  et  al., Appellants.

[1] CRIMINAL LAW — BURGLARY — OWNERSHIP OF BUILDING — AMEND-
MENT TO INFORMATION DURING COURSE OF TRIAL — POWER OF
COURT.—In a prosecution ·for burglary, an information may be
amended by the court, upon motion of the district attorney, during
the course of the trial and at the conclusion of the introduction
of testimony by the people; so as to allege correctly the ownership
of the building burglarized, in the absence of a showing of preju-
dice by reason of the amendment to the substantial rights of the
defendants.

APPEAL from a judgment of the Superior Court of Sis-
kiyou County.  C. J. Luttrell, Judge.  Affirmed.

The facts are stated in the opinion of the court.

James R. Tapscott and James M. Allen for Appellants.

U. S. Webb, Attorney-General, and J. Charles Jones,
Deputy Attorney-General, for Respondent.

PLUMMER, J.—In this action the defendants were con-
victed of the crime of burglary in the superior court of the
county of Siskiyou and prosecute their appeal from the
judgment of conviction therein made and entered.   [1]   But
one question is presented to this court for determination,
to wit, the correctness of the order of the superior court per-
mitting an amendment to the information pending the trial.
The information as presented to the superior court by the
district attorney of Siskiyou County so far as material
herein reads as follows:

"The said Jens Olsen and Julius Black on or about the
10th day of February, A. D., 1923, at Sisson at the county of
Siskiyou, state of California, did then and there willfully,
unlawfully, feloniously and burglariously enter the store
building of one J. M. Schuler at Sisson in said county of

---

1. Necessity for alleging ownership of building entered in indict-
ment for burglary, note, 5 Ann. Cas. 1011.

Siskiyou with the felonious intent then and there to commit the crime of larceny, contrary to the form, force and effect of the statute in such case made and provided and against the peace and dignity of the People of the State of California.''

During the course of the trial and at the conclusion of the introduction of testimony by the people the court, upon motion of the district attorney, permitted the district attorney to amend the information by striking out the name of J. M. Schuler and inserting the words Schuler-Knox Company, making the information read thereafter as follows:

'' . . . Did then and there willfully, unlawfully, feloniously and burglariously enter the store building of one Schuler-Knox Company at Sisson,'' etc.

The authority of the court to permit this motion is as stated above, the question raised upon this appeal.

An examination of the testimony set forth in the transcript in this case shows that the defendants were discovered by the city marshal of the town of Sisson inside the store building known as the Schuler-Knox Company store in the town of Sisson at about 3 o'clock of the morning of February 10th, that the defendants were engaged in ransacking the store and making collection of various articles. The defendants were arrested as they emerged from the store building, one escaping from the officer and running a short distance but thereafter apprehended. It appears from the transcript that the defendants had collected a number of articles from the store and had them in a blanket and knapsack. These articles included pocket-knives, razors, suits of clothing, shoes, shirts, etc., all itemized and set forth in the testimony. The testimony of the arresting officer also shows that the defendants at the time of their arrest were emerging from the particular building herein referred to, being the general merchandise store belonging to the Schuler-Knox Company. It appears also from the testimony that the witnesses generally referred to the store as the Schuler store. It also appears in the testimony that J. M. Schuler is a stockholder in the Schuler-Knox Company and was at the time of the commission of the offense the manager in charge at Sisson. It further appears from the testimony that there is no other store known as the Schuler store or Schuler-Knox Company store at the town of Sisson, although

there is a store at the town of Dunsmuir in the county of Siskiyou known as the Schuler store.

After the testimony had all been introduced, counsel for the defendants moved the court for a directed verdict on the grounds of variance between the allegations of the information and the proof, to wit, that the proof shows the uncontradicted fact that the burglarized store belonged to the Schuler-Knox Company and not to J. M. Schuler individually. The district attorney thereupon moved the court for permission to amend the information as hereinbefore stated. Upon the information being amended the defendants rested their case without making any application whatever to the court for a continuance to introduce any additional evidence or any evidence, nor was there any showing made to the court as to how or in what manner the defendants would be or could be prejudiced by permitting the information to be amended to correspond with the proofs. There is no showing whatever that the defendants were deceived or misled by reason of the error or of the district attorney in naming the ownership of the burglarized building, nor is there anything in the transcript from which this court can conclude that their substantial rights were in anywise affected. As the case is presented to this court and also as it was presented to the trial court it is a mere technical right or authority of the trial court to permit the amendment of the information to correspond with the testimony.

A number of authorities have been cited to this court having to do with the question of variance between an indictment or information and the proofs, but a review of these authorities would serve no useful purpose in view of the fact that the real question involved is not one of variance but of the right to amend an information pending the course of the trial.

Section 1008 of the Penal Code provides how and when informations and indictments may be amended, to wit: "An indictment or information may be amended by the district attorney without leave of court, at any time before the defendant pleads. Such motion may be made at any time thereafter, in the discretion of the court, where it may be done without prejudice to the substantial rights of the defendant. An indictment cannot be amended so as to change

the offense charged, nor an information so as to charge an offense not shown by the evidence taken at the preliminary examination.''

The evidence taken after preliminary examination is not before this court and there is nothing in the record to show that there was any suggestion made to the trial court that the information charged an offense different from that set forth in the evidence taken at the preliminary examination.

Though decided before the amendment known as section 4½ of article VI of the state constitution was adopted, the case of *People* v. *Nunley,* 142 Cal. 105 [75 Pac. 676], bears directly upon the question of the alleged prejudice to the defendants in this action. In that case the supreme court used the following language of section 956 of the Penal Code as follows: ''When an offense involves the commission of, or an attempt to commit, a private injury, and is described with sufficient certainty in other respects to identify the act, an erroneous allegation as to the person injured, or intended to be injured, is not material.''

In the case of *People* v. *Edwards,* 59 Cal. 359, the crime charged was of burglary of the store of one S. Loupe and the proof was, that the store belonged to S. Loupe, L. Loupe and A. Haas, who were partners doing business therein. It was pointed out in the opinion that at common law the ownership of property upon which an offense was committed was an essential averment in an indictment and must be proved as alleged. If stolen goods were the property of partners or joint owners, the names of all of the partners or joint owners had to be stated if known; if not known then it was necessary to state them to be the property of one, naming him, and of others unknown. Attention is called to section 956 of the Penal Code; it was then said: ''The defendants having been charged with having entered a store of a certain person with intent to commit larceny, the act and the intent were both alleged with sufficient precision and certainty to constitute the offense, and to enable the defendants to understand the accusation made against them, and which they were called upon to answer. The evidence identified the name of the store with that averred in the information. Both allegations and proof correspond, and were sufficient to identify the offense. It is true, that the additional fact was elicited that other persons were interested with the

64 Cal. App.—9

party named in the information as owner of the store which had been broken into and entered; but if that fact had been recited in the information, it would not have identified the offense with any greater certainty, or enabled the defendants to understand more clearly the offense with which they were charged. It only showed that there was a partially erroneous description or allegation of the ownership of the store in which they had committed the offense. But the discrepancy did not in any respect affect the validity of the information, nor could it in any way have misled or prejudiced the defendants in their defense; it affected none of their substantial rights; the variance was therefore immaterial."

In *People* v. *Leong Quong,* 60 Cal. 107, the larceny of a horse alleged to belong to one Sang Hop. At the trial the owner testified that Sang Hop was his business name and his personal name was Yup Chin. It was said the name of the owner of stolen property is not a material part of the offense charged. It is only required to identify the transaction, so that the defendant by proper plea may protect himself against another prosecution for the same offense. Section 4½ of article VI of the constitution as amended provides that "no judgment shall be set aside or new trial granted . . . for any error as to any matter of pleading, unless for an examination of the entire cause, including the evidence, the court shall be of the opinion that the error complained of has resulted in a miscarriage of justice." In this case to set aside the verdict for the technical reason that the information was amended during the course of the trial to allege correctly the ownership of the building burglarized by the defendants, and especially where the defendants were apprehended at the very time of the commission of the offense and were arrested at the door of the burglarized building as. they were emerging therefrom, would be for this court to violate both the spirit and the words of that amendment. It would be for this court to create a miscarriage of justice. It would have been a miscarriage of justice for the court to have denied the amendment to the information to correspond with the proofs and direct the acquittal of the defendant simply because the ownership of the building burglarized by them was not correctly stated, in view of the fact that every one connected with the case knew the building referred to and understood fully and clearly all the cir-

cumstances save and except as to the actual ownership of the building.

The attention of the court has been called to the case of *Baker* v. *State*, 88 Wis. 140 [59 N. W. 570]. That was a case where the defendant Baker was charged with the crime of grand larceny and the alleged variance between the proof and the allegation arose in the amount of money alleged to have been stolen and also the ownership. The court in upholding the amendment to the information used the following language:

"As the trial court properly held, there was but one offense and that was the offense of grand larceny. The amendments so far as Baker was concerned all related to the amount of money stolen and the ownership of the same. Our statute expressly declares that: 'Any court of record in which the trial of an indictment or information is had, may forthwith allow amendment in case of variance between the statement in the indictment and the proof, in the following cases: In the name or description of any person, place, or premises, or of anything, writing or record, or the ownership of any property described in the indictment or information, and in all cases where the variance between the indictment or information and the proof are not material to the merits of the case.' "

Taking sections 956 and 1008 of the Penal Code and section 4½ of article VI of the state constitution all into consideration, we are of the opinion that the correct rule as to permitting amendments of informations should be held not less liberal in this state than as upheld in the Baker case, and especially is this true when there is no showing whatever that the defendants have suffered any substantial injury and that to hold otherwise cannot be but to defeat the ends of justice.

We think the judgment of the trial court should be affirmed, and it is so ordered.

Finch, P. J., and Hart, J., concurred.

A petition by appellants to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on December 13, 1923.

All the Justices concurred.