[Crim. No. 502.   Fourth Appellate District.—June 10, 1937.]

THE PEOPLE, Respondent, v. ARAM JOSEPH, Appellant.

A. A. George and Robert M. Wash for Appellant.

U. S. Webb, Attorney-General, Warner I. Praul, Deputy Attorney-General, Dan. F. Conway, District Attorney, and Henry A. Hunter and S. L. Heisinger, Jr., Deputies District Attorney, for Respondent.

MARKS, J.—This is an appeal from a judgment pronounced on defendant and from the orders denying his motion for arrest of judgment and his motion for new trial. Defendant has also attempted to appeal from various orders made before judgment which are not appealable. (Sec. 1237, Pen. Code.)

Defendant was a licensed bail bond broker and procured bail bonds written by the Lexington Surety and Indemnity Company.

On August 2, 1932, John Simonian was arrested and charged with being an alien illegally within the United States. His bail was fixed at $1,000. On August 5, 1932, Stephen Simonian, John's brother, arranged with defendant for the bail bond to be written by the Lexington Company. He gave defendant $1,000 as security, the bond was written and John was released. The money was turned over to Dickran Yezdan, who deposited it in his account in a bank in Fresno. Defendant admitted during the argument that on August 10, 1932, Yezdan drew a check on this account for $980, payable to defendant.

On January 5, 1933, the government took the Lexington Company from its list of approved surety companies because of its financial difficulties. In July of the same year a new bond was demanded for John. Before August 14, 1933, Stephen requested defendant to return his deposit. Defendant informed Stephen that the money had been paid to the Lexington Company and that this company was in financial difficulties, but that to protect John against loss he would give him a promissory note for the money. On August 14, 1933, defendant and his wife gave Stephen their promissory note for $950.

On September 6, 1933, defendant provided a new bail bond for John in the sum of $500, which was approved as to form on September 11, 1933, at San Francisco by the acting commissioner of immigration and was forwarded to Washington, where it was finally approved and the first bond canceled on November 15, 1933. Thereafter Stephen demanded of defendant the return of his collateral, which demand was not complied with. On November 10, 1936, defendant was indicted by the grand jury of Fresno County and charged with the theft of the $1,000.

The indictment, in charging the crime, did not allege that it had been committed in Fresno County, California. It was otherwise sufficient. On December 10, 1936, the district attorney, before defendant had entered his plea, amended the indictment by alleging the venue of the offense to be in Fresno County, California. Defendant demurred to the indictment and the amended indictment and made motions to quash them. The demurrers were overruled and the motions denied and he went to trial on his plea of not guilty to the amended indictment.

Defendant presents two grounds for reversal of the judgment and the orders denying his motion for arrest of judgment and for new trial. They are: (1) that the trial court erred in permitting the district attorney to amend the indictment, and (2) that the offense is barred by the three-year statute of limitations. (Sec. 800, Pen. Code.)

Section 1008 of the Penal Code provides in part as follows:

"An indictment or information may be amended by the district attorney without leave of court, at any time before the defendant pleads. The court may order its amendment for any defect or insufficiency, at any stage of the proceedings; and the trial shall continue as if it had been originally filed as amended, unless the substantial rights of the defendant would be prejudiced thereby, in which event a reasonable continuance, not longer than the ends of justice require, may be granted. . . . An indictment cannot be amended so as to change the offense charged, . . . "

■ The indictment in the instant case was amended by the insertion of the words "in the County of Fresno, State of California". This amendment did not "change the offense charged", but merely laid its venue and came strictly within the powers of amendment given by section 1008 of the Penal Code. Amendments of indictments not changing the offenses charged have been upheld by our courts as being within the power of the legislature to authorize and as not being an invasion of the constitutional rights of defendants. (See *People* v. *Anthony*, 20 Cal. App. 586 [129 Pac. 968]; *Ex parte Chambers*, 32 Cal. App. 476 [163 Pac. 23]; *Chrisman* v. *Superior Court*, 59 Cal. App. 305 [210 Pac. 632]; *People* v. *Cockrill*, 62 Cal. App. 22 [216 Pac. 78]; *People* v. *Olsen*, 64 Cal. App. 126 [220 Pac. 444]; *People* v. *Bellamy*, 79 Cal. App. 160 [248 Pac. 1042].)

■ There is no merit in the contention that the offense of which defendant stands convicted is barred by the statute of limitations. While there may be some conflict in the evidence, the jury may well have concluded from the evidence that the contract between John Simonian and defendant provided that the $1,000 should remain with defendant as collateral security for the bond written in the penal sum of $1,000 until it was exonerated. Under that view of the case John Simonian had no legal right to demand the return of his money until the bond was actually exonerated on November 15, 1933. Under this theory of the case defendant had the legal right to retain the money until that date and there was no actual misappropriation of it until on or after November 15, 1933. The statute of limitations did not start to run until after the actual misappropriation of the funds by defendant. (*People* v. *Kinard*, 14 Cal. App. 283 [111 Pac. 504].) As the indictment was filed within three years from the earliest day on which such misappropriation could have occurred, the offense was not barred by the statute of limitations. (Sec. 800, Pen. Code.)

In the instant case there is nothing in the record which would support the conclusion that defendant had misappropriated any part of the $1,000 prior to November 15, 1933. The conclusions set forth in the foregoing paragraph are applicable only to such a state of facts.

The other specifications of error do not require special consideration as there is no merit in any of them.

The orders denying the motions for arrest of judgment and for new trial, and the judgment, are affirmed. The attempted appeals from the other orders are dismissed.

Barnard, P. J., and Jennings, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 9, 1937.