[Crim. No. 13836.   Second Dist., Div. One.   July 26, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. BETTY LOU McQUISTON, Defendant and Appellant.

412

H. Patrick McGarry for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Walter R. Jones, Deputy Attorney General, for Plaintiff and Respondent.

LILLIE, J.—Defendant was charged with petty theft with a prior conviction of petty theft (§ 666, Pen. Code). The information alleged that on April 20, 1954, defendant was convicted of petty theft in the Municipal Court, Los Cerritos Judicial District, for which she served a term in the county jail. At the beginning of the trial, out of the presence of the jury, the allegation of the prior was amended simply as to date and place, to wit: February 7, 1951, Municipal Court, Long Beach Judicial District. The trial proceeded and after the defense rested, before rebuttal, the court, for "an insufficient evidence to sustain a finding that the defendant was legally convicted previously of petty theft," struck the prior petty theft conviction from the information. At the conclusion of the trial the judge instructed the jury that the allegation of the prior had been stricken, "to completely ignore" the fact that it had been alleged and that defendant was charged only with petty theft. (§ 484, Pen. Code.) Defendant was convicted of petty theft, a misdemeanor; she appeals from the judgment.

On April 24, 1966, around 4:30 p.m., the manager, Von's market, Lakewood, observed a man load ten cartons of cigarettes into a shopping cart; suspicious, he watched behind a wire rack and saw defendant approach the man without speaking, place a carrying bag into the cart, put the cigarette cartons in the bag and walk out of the market through an unmanned checkstand. He pursued defendant, confronted her in the parking lot and asked her if she had forgotten to pay for something; defendant said she did not know what he was talking about; he informed her that in her bag she had cigarettes belonging to the store; defendant admitted that the bag was hers but said she did not know what was in it; the manager asked her to step back inside the store. After entering,

defendant said, "Let me pay for the cigarettes. If you will please, I will pay you double the price of the cigarettes if you will just let me go"; he asked her about her partner but defendant claimed to be alone. As the manager was trying to telephone the sheriff's station defendant fled through the store without the bag; a boxboy caught her and she was returned. In 15 minutes a deputy arrived and advised defendant of her constitutional rights; he asked the manager to sign a citizen's arrest statement; defendant told the manager "she would get even" with him if he did, but he signed the statement. The cigarettes were later examined for tax markings routinely stamped on each pack by machines leased to various wholesalers; all ten cartons contained cigarette packs which bore the stamp from a particular machine leased to Von's market warehouse in El Monte.

For the defense Angel Delgado, husband of defendant's niece, testified that defendant asked him to drive her to Long Beach, and on the way they stopped at William's Market, Wilmington, where she bought ten cartons of cigarettes; they then drove to a Long Beach residence which defendant wanted to rent and finding the house vacant decided to telephone her husband; he drove her to a shopping center near Von's and let her out of the car and departed to meet his wife at another location; the following day defendant telephoned him and asked him to search for the sales slip for the cigarettes which he discovered on the sun visor of his car.

On rebuttal Deputy Waddle testified that as he was handcuffing defendant in Von's market "she repeatedly" talked to the manager and "was begging him to allow her to pay for the cigarettes and to forget about the whole thing"; she said she bought the cigarettes at Sav-On but was willing to pay for them again if they "would drop the whole thing."

█ Appellant raises various issues directed to the propriety of the procedure used by the trial judge to determine the truth of the allegation of the 1951 petty theft conviction. As they relate to the prior itself, the issues are moot because the trial judge, after hearing evidence thereon, concluded there was insufficient evidence to sustain a finding that defendant was "legally convicted" of the 1951 petty theft, struck the allegation from the information and instructed the jury to ignore it. Accordingly, the jury returned its verdict of guilty of petty theft, a misdemeanor. Thus, whatever merit there might be to appellant's contentions can be considered only in the perspective of substantial prejudice to her rights on the

trial of the theft of the cigarettes from Von's market.

Appellant claims that before trial, the judge should have determined whether she was "legally convicted" of petty theft in 1951 in the Long Beach Municipal Court, to wit, whether therein she was properly advised of her right to counsel and knowingly and intelligently waived the same before entering her plea of guilty; that it was error for the trial court not to arraign her on and take her plea to the amended information and not to grant her motion for continuance; and that her failure to object to the "confession" in the 1951 petty theft does not preclude her from raising the issue on this appeal since the 1951 case was tried before the decision in *Escobedo* v. *Illinois*, 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758].

Appellant says she objected to the allegation of the 1951 petty theft conviction on the ground that she was denied the right to counsel therein, thus the first question the trial judge was required to determine, before plea and before reading the charge contained in the information to the jury, was whether the certified copy of the record of the prior conviction was "legally sufficient" to show that before she pleaded guilty the court properly advised her of her right to counsel and she intelligently waived the same. In the light of recent authorities it is our conclusion that the proper trial procedure was followed by the court below.

First, the 1951 petty theft conviction was an integral part of the main charge, to wit, petty theft with a prior petty theft conviction, as defined in section 666, Penal Code; alleged as such, the theft of the cigarettes from Von's market became a felony. Second, no objection to the procedure used by the judge was voiced by defendant prior to trial, in fact, at the time the information was amended, defense counsel, in advising the court he had an "objection . . . lack of counsel at the time of the prior," conceded that it would create a factual issue and could not be raised until proof of the prior "is actually offered."[1] Third, defense counsel, realizing that

---

[1]"MR. FINNELL [deputy district attorney]: She hasn't admitted the prior as far as I know.

"MR. HOLLAND [defense counsel]: Correct.

"THE COURT: You are not going to admit it, so it is denied, too.

"MR. HOLLAND: We have no objection to the prior.

"MR. FINNELL: Then you don't admit it and I am required to prove it, and I can make an opening statement and they should know about it.

"MR. HOLLAND: That's right.

"THE COURT: Do you understand that?

"MR. HOLLAND: Yes, your Honor, we do. We are going to make a

proof of the prior was part of the evidence to be submitted by the People on the felony charge, at no time requested or even suggested that the judge hear the issue of the prior before or separate from the trial; certainly he interposed no objection to the trial procedure. Admittedly, the judge was inexperienced in the trial of felony cases, but cautious, conscientious, patient and amenable to suggsstions from both counsel, at times asking for advice; thus, had defense counsel made the objection he now argues—it was error not to determine the "legal sufficiency" of the prior conviction before the trial— he would have given the judge the opportunity to pass on it before proceeding. We think the issue not to be properly before us; however, we find no error requiring reversal in the trial procedure.

Under section 1093, subdivision 1, Penal Code,[2] the judge properly read to the jury the charge alleged in the information, to wit, petty theft with a prior petty theft conviction. Thereafter, the prosecutor "open[ed] the cause and offer[ed] the evidence in support of the charge." (§ 1093, subd. 2.) This is the normal trial procedure under the statute. Thus, defendant having pleaded not guilty and denied the prior, the prosecutor proceeded to present evidence on the felony charge which necessarily included proof of the prior. Referring to certified copy of record, Municipal Court, Long Beach Judicial District, 1951, petty theft conviction (Exh. 5) showing that defendant appeared without counel, was advised by the court of her legal rights and entered a plea of guilty, he offered the testimony of an expert to correlate the fingerprints in Exhibit 4 (fingerprint exemplar card) with those in Exhibit 5-A (Long Beach Police Department Identification Sheet). Defendant offered no evidence on the issue of the prior and after the defense rested, the matter was argued and

---

legal objection and I will have some points and authorities in connection with the prior.

"THE COURT: Well, I wouldn't want to prejudice the defendant by reading the fact that it is with a prior if there is some objection to me stating that on your part without first ascertaining what your legal objection is.

"MR. HOLLAND: I don't think we can raise—— the objection is lack of counsel at the time of the prior and I don't think until it is actually offered that we can raise the objection."

[2]Section 1093, subdivision 1, Penal Code, provides: "If the accusatory pleading be for a felony, the clerk must read it, and state the plea of the defendant to the jury, and in cases where it charges a previous conviction, and the defendant has confessed the same, the clerk in reading it shall omit therefrom all that relates to such previous conviction. In all other cases this formality may be dispensed with."

the trial judge concluded ''there is an insufficient evidence to sustain a finding that the defendant was legally convicted previously of petty theft,'' ordered the allegation stricken and subsequently admonished the jury to disregard it. The judge's conclusion implies that the People failed to prove that in 1951, defendant in the Long Beach Municipal Court, waived her right to counsel before entering her plea of guilty to petty theft. Thus, the trial judge in following the normal trial procedure had the right to assume that all questions of fact, which included the issue of waiver, would be determined as the trial progressed, and if he resolved any of those issues against the People, he could, and did, direct the jury accordingly. ■ While the authorities hold that ''[w]hether in prior proceedings the defendant had been represented by counsel or whether he had knowingly waived his right to counsel are issues of fact to be resolved by the trial court upon the evidence before it. (*In re Woods*, 64 Cal.2d 3, 9-11 [48 Cal.Rptr. 689, 409 P.2d 913].)'' (*People* v. *Espinoza*, 241 Cal.App.2d 718, 720 [50 Cal.Rptr. 879]; see also, *In re Luce*, 64 Cal.2d 11, 14 [48 Cal.Rptr. 694, 409 P.2d 918]), there is nothing therein requiring a full evidentiary hearing on the issue before plea or the reading of the information to the jury in a case of this kind.

Appellant's argument that since the certified copy of the record of the prior conviction was not ''legally sufficient'' to support a ruling that she was properly advised of her constitutional rights and made a knowing waiver thereof (because it failed to state she was indigent, that counsel was appointed or that she retained counsel of her choice or that she knowingly and intelligently waived the right to counsel after the court determined that she understood the consequences of a waiver), a determination to that effect should have been made by the judge before the trial, ignores the right of the prosecutor to offer, as part of the People's case, other evidence on the factual issue of whether defendant properly waived her right to counsel before entering her plea of guilty to petty theft in 1951. Further, it merits no discussion because after hearing the evidence, the trial judge found, as urged by defendant, that the evidence presented no way of determining that defendant knowingly waived her right to counsel, concluded that the truth of the allegation of the prior conviction had not been proved and ordered the same stricken.

■ Appellant argues that since she was not rearraigned on the amended information and did not enter a plea thereto, it was error to proceed with the trial. The original informa-

tion charged defendant with petty theft with a 1954 petty theft conviction in the Municipal Court, Los Cerritos Judicial District; after the jury was impaneled, the prosecutor advised the court that the alleged petty theft conviction differed from that reflected in certified copy of the record offered in evidence at the preliminary hearing as to date and name of court, and moved to amend the information to conform thereto substituting "1951" for 1954, and "Long Beach" for Los Cerritos (Judicial District). The charge remained the same, and it is apparent from the record that the error in date and court was the result of a simple clerical or typographical mistake made in the office of the district attorney at the time the information was prepared; the certified record of the prior conviction received at the preliminary hearing bears this out. The trial judge did not abuse his discretion in permitting the amendment (§ 1009, Pen. Code; *People* v. *Hernandez,* 197 Cal.App.2d 25, 31 [17 Cal.Rptr. 20]), nor did he err in failing to rearraign defendant on and take her plea to the amended information. While the statute (§ 1009, Pen. Code) requires rearraignment and a new plea on an amended information, it is well established that where the amendment relates only to minor changes it is not mandatory. (*People* v. *Suter,* 43 Cal.App.2d 444, 462 [111 P.2d 23]; *People* v. *Walker,* 170 Cal.App.2d 159, 164 [338 P.2d 536]; *People* v. *O'Hara,* 184 Cal.App.2d 798, 811-812 [8 Cal.Rptr. 114]; *In re Mitchell,* 56 Cal.2d 667, 670 [16 Cal.Rptr. 281, 365 P.2d 177].) Here the timely correction of the mistake did not change the nature of the offense charged, only the date (*People* v. *Crosby,* 58 Cal.2d 713, 721 [25 Cal.Rptr. 847, 375 P.2d 839]; *In re Newbern,* 53 Cal.2d 786, 790 [3 Cal.Rptr. 364, 350 P.2d 116]; *People* v. *Sherman,* 211 Cal.App.2d 419, 424 [27 Cal.Rptr. 353]) and place of the conviction (*People* v. *Joseph,* 21 Cal.App.2d 336, 338 [69 P.2d 465]; *People* v. *DuFault,* 1 Cal.App.2d 105, 108 [36 P.2d 196]; *People* v. *Perry,* 25 Cal. App. 337, 339-340 [143 P. 798]). Thus, since the amendment related only to minor changes and did not alter the nature of the charge alleged, it was not error to fail to arraign defendant on the amended information or take her plea thereto; in any event, after the amendment defense counsel reaffirmed that his client denied the prior. ▮▮ Moreover, her request for a continuance on the ground that she was not prepared to proceed on the prior was properly denied. The amendment being minor in nature, it did not prejudice the "substantial rights of the defendant" (§ 1009, Pen. Code). The mere

change in the date and court does not encompass a requirement of additional time in which to prepare a defense unless defendant was actually misled or otherwise prejudiced by such change. (*In re Newbern*, 53 Cal.2d 786, 790 [3 Cal.Rptr. 364, 350 P.2d 116].) As such prejudice is neither alleged nor apparent from the record herein it does not appear that the change in date and court of the prior conviction required the trial court to grant a continuance. Nor can it be said that defendant was misled. Under the circumstances we fail to see how the amendment required additional preparation or evidence (*People* v. *Suter*, 43 Cal.App.2d 444, 462-463 [111 P.2d 23]) ; it was no surprise to defense counsel for the certified copy of the prior petty theft conviction received at the preliminary hearing, and subsequently offered at the trial (Exh. 5), set forth the true date and court; at all times since the preliminary hearing he knew the true date and place of conviction reflected therein and thereon undoubtedly prepared the defense of his client to the charge of the prior.

■ Also moot is appellant's contention that inasmuch as her plea of guilty to the 1951 petty theft charge amounted to a "confession" and occurred prior to *Escobedo* v. *Illinois*, 378 U.S. 478 [12 L.Ed.2d 977, 84 S.Ct. 1758], the issue of whether she was advised of her right to counsel and waived the same prior to her "confession," despite her failure to object in the 1951 trial, can be raised on this appeal. Further, there is nothing in the record to suggest that in 1951 defendant was interrogated while in custody or made any extrajudicial statement—prerequisites for application of *Escobedo*.

■ Had there been error in the procedure used by the trial judge to determine the issue of the prior, we can only conclude on the overwhelming evidence of guilt that beyond a reasonable doubt the error did not influence the jury in arriving at its verdict. (*Chapman* v. *California*, 386 U.S. 18, 24 [17 L.Ed.2d 705, 710, 87 S.Ct. 824].) Appellant argues that prejudice occurred when the jury heard evidence that she had suffered a 1951 petty theft conviction before the judge ordered the allegation of the prior stricken. The evidence offered on the prior was the certified record (Exh. 5), 1951 police identification sheet showing fingerprints (Exh. 5-A), defendant's fingerprint exemplar (Exh. 4) and the testimony of an expert that the fingerprints were made by the same person. To counteract the effect of this evidence, the judge properly instructed the jury that the allegation of the 1951 petty theft conviction had been ordered stricken and to com-

pletely ignore the same, and that the only charge remaining against defendant was "the charge of petty theft, it being alleged that she unlawfully and feloniously took these cigarettes from Von's market on April 24, 1966 . . . that is the only charge, and you are to decide whether or not she is guilty or innocent of that charge, ignoring completely any reference to any offense which the court has stricken from the record entirely"; and reversed his previous ruling admitting Exhibits 5 and 5-A in evidence, by excluding the same. In view of the admonition we presume that the jury followed the court's instructions and disregarded the stricken allegation and ignored the excluded exhibits and fingerprint testimony giving no evidentiary effect thereto. (*People* v. *Seiterle*, 59 Cal.2d 703, 707-710 [31 Cal.Rptr. 67, 381 P.2d 947].)

The evidence in support of the conviction admits no doubt of defendant's guilt. The manager of Von's market was an eyewitness—he saw defendant place ten cartons of cigarettes belonging to Von's in her bag and leave the market without paying for them. Further, defendant's subsequent conduct and statements show a consciousness of guilt—when the manager confronted her she admitted the bag was hers but denied knowledge of its contents, yet asked to be allowed to pay for "the cigarettes"—"double the price" so he would let her go; while the manager was calling the sheriff she tried to flee but was apprehended and returned; she threatened to "get even" with the manager if he signed the citizen's arrest report and repeatedly begged him to allow her to pay for the cigarettes and forget about "the whole thing." Contrary to Delgado's testimony that she purchased the cigarettes at William's Market in Wilmington, defendant volunteered to the manager in the presence of the deputy that she had purchased the cigarettes at Sav-On; further, the tax markings stamped on the stolen packs positively verified ownership in Von's market. Under the foregoing we conclude that it is not reasonably possible or probable that a different verdict would have been returned by the jury had the tendered identification sheet (Exhs. 5, 5-A) and fingerprint testimony never been known to it. (*People* v. *Watson*, 46 Cal.2d 818, 836 [299 P.2d 243].)

The judgment is affirmed.

Wood, P. J., and Fourt, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied September 18, 1968.