[Crim. No. 3425. Third Dist. June 11, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. GEORGE EARL SMYLIE, Defendant and Appellant.

Allan B. O'Connor for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General and Raymond Momboisse, Deputy Attorney General, for Plaintiff and Respondent.

PIERCE, P. J.—Defendant was convicted after a court trial of felony drunk driving. (Veh. Code, § 23101.) Defendant was found not guilty of "hit and run" driving. (Veh. Code, §§ 20001-20003.) He appeals from the order suspending judgment on the offense of which he was found guilty and granting probation, also from the order denying his motion for a new trial. The latter order being nonappealable, the appeal therefrom will be dismissed.

The three elements of the felony drunk driving of-

fense are: (1) driving on a highway while intoxicated; (2) doing an act forbidden by law or in neglect of a duty imposed by law; and (3) proximately causing bodily harm to another person. (Veh. Code, § 23101.)

The victim, a woman, was a pedestrian walking along Fulton Avenue, one of the principal thoroughfares of the north-metropolitan area of Sacramento. Defendant drove along that highway in the same direction, approached and struck her.

Since defendant admits he was driving on a highway while intoxicated and that he caused bodily injury to another person while doing so, his contention that the evidence was insufficient to support the judgment necessarily focuses upon the proposition that he was doing nothing either forbidden by law or in neglect of a duty imposed by law.

To satisfy requirement of proof of the violation of an act forbidden by law the amended information under which defendant is charged specifies violation of several Vehicle Code sections of which the court found him guilty of having violated two Vehicle Code sections, 22107 and 21650, subdivision (f).

Vehicle Code section 22107 forbids the turning of a vehicle from a direct course right or left on a *"roadway"* until such movement can be made with reasonable safety and then only after giving an appropriate signal. . . ." (Italics supplied.)

Vehicle Code section 21650, subdivision (f) provides that a vehicle shall be driven on the right half of a *"roadway"* except that "[w]hen the vehicle is necessarily traveling so slowly as to impede the normal movement of traffic, that portion of the highway adjacent to the right edge of the roadway may be utilized temporarily *when in a condition permitting safe operation."* (Italics supplied.)

The evidence here showed without any substantial conflict that the victim was walking entirely off the paved portion of the highway, also off the shoulder; in fact she was in an area, dirt covered, between the shoulder and the ditch. Defendant, his car weaving, struck this woman, the impact making a loud thud and throwing her in the air. Defendant then swung to the left and almost crossed the center line of the road.

As support for the contention that he did not violate Vehicle Code section 21650, subdivision (f), defendant reads the first portion of the section as though it only prohibited driving on the left side of the "highway." The section, however, provides: "Upon all highways a vehicle shall be driven

upon the right half of the *roadway.*" (Italics supplied.) "Roadway" is not synonymous with "highway."

■ Vehicle Code section 530 defines "roadway" as meaning *the traveled portion* of a highway. ■ And subdivision (f) of Vehicle Code section 21650 clearly prohibits traveling on or adjacent to the edge of the pavement except when it can be done safely.

■ The witnesses in the car behind defendant did not testify that defendant's car left the paved portion of the roadway. Defendant urges this as establishing that his vehicle did not at any time do so. There was substantial evidence, however, that the victim at all times was walking off of the pavement, was hit and that defendant hit her. To accomplish this act defendant's car had to leave the traveled portion of the highway and go onto the portion "adjacent to the right edge of the roadway." Obviously when he did so said area was not "in a condition permitting safe operation." He, therefore, violated Vehicle Code section 21650, subdivision (f).

The evidence also supported the court's finding that defendant violated Vehicle Code section 22107, which provides that "[n]o person shall turn a vehicle from a direct course or move right or left upon a roadway until such movement can be made with reasonable safety. . . ." The same section requires, *in addition,* that an appropriate signal be given, and defendant argues that there has been no violation of the section because there was no proof defendant did not give a signal and because such failure, if it occurred, could have had no causal connection with the accident. The argument is a *non sequitur.* Defendant misreads the section.

■ Defendant, in addition to being charged with this crime, was charged with two prior "502s" (now violation of Veh. Code, § 23102). He had admitted these prior convictions. The prosecuting attorney, to prove motive for the charge of "hit and run" (Veh. Code, §§ 20001-20003), cross-examined him regarding these convictions. Defendant's objections were overruled but later in the trial the court struck out the testimony. (The court, as stated above, found defendant not guilty of "hit and run.")

Admission of this evidence to prove motive (i.e., a desire to escape detection born of the knowledge of his prior convictions would count against him) was not improper notwithstanding the provisions of Penal Code section 1025, prohibiting allusions to the prior convictions during the trial. (*People* v.

*Combes*, 56 Cal.2d 135 [14 Cal.Rptr. 4, 363 P.2d 4] ; *People* v. *Copeland*, 169 Cal.App.2d 713. [338 P.2d 1].) Motive is an element of the "hit and run" offense. Even had the evidence been inadmissible it could not have been prejudicial. The only purpose of excluding evidence of prior convictions is to prevent the jury from becoming prejudiced by knowledge of them. A court, however, should be deemed impervious to such influence. The judge, moreover, already knows of the prior convictions, being familiar with the pleadings.

 Defendant alleges he was improperly deprived of a jury trial because an amendment to the information charging him with the violation of Vehicle Code section 21650, subdivision (f), was made at the same court session, but after defendant had waived the jury trial and he was not asked again if he waived a jury.

The amendment to the information was not to that portion thereof which pleaded the basic offense—violation of Vehicle Code section 23101. This portion remained unchanged throughout several amendments. Since Vehicle Code section 23101 requires that the bodily injury inflicted through drunk driving result proximately from doing an act forbidden by law or in neglect of a duty imposed by law, reference to the alleged acts forbidden by law properly included (but did not necessitate) an enumeration by code sections.

Penal Code section 1009 authorizes the amendment of an information at any stage of the proceedings and provides "the trial . . . shall continue as if the pleading had been originally filed as amended, unless the substantial rights of the defendant would be prejudiced thereby. . . ."

*People* v. *Walker*, 170 Cal.App.2d 159 [338 P.2d 536], holds that an amendment changing a charge of possession of heroin to a charge of sale of heroin is a substantial one. But the change here was not substantial. The same act, the veering to the right to strike the victim, is a violation both of Vehicle Code section 22107 (which had already been mentioned in the information before amendment) and of Vehicle Code section 21650, subdivision (f).

 When this case was originally called for trial, a jury had not been waived. After a jury had been partially impanelled, but before the jury had been sworn, a mistrial was ordered upon motion of the district attorney. Thereafter defendant moved for a dismissal and now claims former jeopardy. There is no merit to the contention. Jeopardy at-

taches when the jury has been sworn. (*Cardenas* v. *Superior Court*, 56 Cal.2d 273 [14 Cal.Rptr. 657, 363 P.2d 889].)

The appeal from the order denying motion for new trial is dismissed. The order granting probation (being a final judgment under section 1237 of the Penal Code) is affirmed.

Schottky, J., and Friedman, J., concurred.