[Crim. No. 5420.   First Dist., Div. Three.   Dec. 21, 1966.]

THE PEOPLE, Plaintiff and Respondent, v. JOSEPH ANGEL BUSTOS, Defendant and Appellant.

John J. Fahey for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Albert W. Harris, Jr., Assistant Attorney General, and Derald E. Granberg, Deputy Attorney General, for Plaintiff and Respondent.

DRAPER, P. J. — A jury found defendant guilty of involuntary manslaughter in the driving of a vehicle (Pen. Code, § 192, subd. 3) and of felony drunk driving (Veh. Code, § 23101). On the first count, he was admitted to probation for 4 years on condition he serve 6 months in county jail and refrain from drinking alcoholic liquors. Defendant appeals.

A hardtop sports car, travelling at high speed, crossed the double line and struck another car head on. Occupants of the sports car were defendant, his 4-year-old son, and Yanes, who owned the car. The boy and Yanes were thrown from the car by the impact. When the car came to rest, defendant was unconscious. The upper portion of his body was hanging outside the car on the right (the driver's seat was on the left),

but his feet were wedged between the gear shift lever and the seat. A pair of sunglasses lay on the pavement beneath his head. Defendant and Yanes were seriously injured, and the latter died in the hospital to which he was taken from the scene. A motorist who had seen the sports car before the accident identified the driver as wearing sunglasses and a distinctive shirt matching that seen on defendant immediately after the collision. Two doctors testified that Yanes' injuries were consistent with his having been thrown against the steering wheel, and those of defendant of the type which would be sustained by the passenger. But another physician expressed a contrary opinion.

The sole fact issue was whether defendant was the driver. A sample of defendant's blood showed that he was intoxicated at the time of the collision, and, probably impelled by this showing, he admitted at trial that he had been drunk, but testified that Yanes drove. The facts recited above readily dispose of defendant's assertion that the evidence is insufficient to support the verdicts.

But defendant asserts error in the admission, over objection, of evidence of the blood sample. The blood was taken at the direction of police officer Brown, while defendant was in the hospital, unconscious, some three hours after the collision. It was taken by a qualified physician in a manner concededly meeting medical standards. Although evidence procured by ''brutal'' or ''offensive'' conduct is inadmissible (*Rochin* v. *California*, 342 U.S. 165 [96 L.Ed. 183, 72 S.Ct. 205, 25 A.L.R.2d 1396]), a blood sample taken by medically approved procedures is not within that proscription (*Breithaupt* v. *Abram*, 352 U.S. 432 [1 L.Ed.2d 448, 77 S.Ct. 408]; *People* v. *Haeussler*, 41 Cal.2d 252 [260 P.2d 8]).

Defendant, however, points out that the Fourth and Fifth Amendments are made applicable to the states by the Fourteenth (*Mapp* v. *Ohio*, 367 U.S. 643 [6 L.Ed.2d 1081, 81 S.Ct. 1684, 84 A.L.R.2d 933]; *Malloy* v. *Hogan*, 378 U.S. 1 [12 L.Ed.2d 653, 84 S.Ct. 1489]). He claims violation of his rights against self-incrimination and unlawful search and seizure.

A recent decision of the highest court (*Schmerber* v. *California*, 384 U.S. 757 [16 L.Ed.2d 908, 86 S.Ct. 1826]), squarely negates defendant's assertion of the right against self-incrimination in the circumstances here.

*Schmerber* also determined that, on its facts, the search and seizure were not unlawful, although the blood sample there was taken over the objection of the accused, who protested on

advice of counsel (see also *People* v. *Duroncelay,* 48 Cal.2d 766 [312 P.2d 690]). But defendant seeks to distinguish *Schmerber* on its facts. He asserts that there the officer who directed the taking of blood knew that the accused was the driver, whereas the officer here had no reasonable ground for belief that defendant Bustos drove the offending car. We cannot accept either premise.

In *Schmerber,* it is said merely that of the two occupants of the car, the accused "had apparently been driving" (p. 758). Footnote 2 implements this statement only by facts brought out at trial, without reference to the officer's knowledge of them at the time he requested the blood sample.

█ Reasonable cause to take a sample of defendant's blood could exist if the officer knew that he was one of the only two persons who could have been driving the car. As noted by the decisions cited above, the human system steadily eliminates alcohol, and delay would result in dissipation of the evidence. Reasonable cause does not require knowledge of evidence which will assure a conviction. (*Draper* v. *United States,* 358 U.S. 307 [3 L.Ed.2d 327, 79 S.Ct. 329]; *United States* v. *Ventresca,* 380 U.S. 102, 107 [13 L.Ed.2d 684, 85 S.Ct. 741]; see *People* v. *Pack,* 199 Cal.App.2d 857, 864 [19 Cal.Rptr. 186].) When the officer is aware that the driver felon is one of the two persons who occupied the driver's seat of an automobile, we think he has reasonable cause to take a blood sample from either. We need not base our decision upon that view, however, since Officer Brown did have ample reason to believe defendant the driver here.

Brown was one of two officers who investigated the accident and signed the report. He arrived at the scene some 6 minutes after the collision. Officer Peterson had by then removed Bustos from the sports car. He told Brown of this. Brown saw the child and saw the body of Yanes where it had fallen when ejected from the car. He observed the two automobiles, directed removal of the injured persons by ambulance, and participated in taking measurements and preparing a diagram of the scene. He learned that Yanes had died, went to the hospital and sought to interview defendant, but found him unconscious. He noted a strong odor of alcohol on defendant's breath and on the shirt which had been removed from him at the hospital. When staff doctors told him that a blood sample could safely be taken from defendant, he asked that it be done.

The skidmarks, the position of the automobile, and the death

of Yanes gave Brown ground to believe that a felony violation of Penal Code, section 192, subdivision 3, had occurred.

He knew, also, that the infant occupant of the sports car could not have driven it, and that the only possible drivers of the car were the other occupants, defendant and Yanes. He saw where Yanes had landed on the pavement to the right of the sports car, when ejected from it by the impact of the collision. Although the initial impact of the two cars had been head on, its angle was such that the sports car continued its skid, turned and struck its right side forcibly against the side of the other car, a fact amply demonstrated by photographs of the two cars in evidence. The impetus of the hardtop sports car was to its right, its right side struck the heavier car, and it would follow that those thrown from it sat to the right of the defendant, who was but partially ejected through the right door. Thus the facts known to Officer Brown reasonably supported a belief that defendant was the driver. Brown's sense of smell informed him that defendant had been drinking, and the taking of a blood sample was authorized.

We recognize that Officer Brown did not spell out this process of reasoning in his testimony. But he was not asked for it. We are aware of no rule requiring, or even permitting, an officer to disclose to the jury the thought process which led him to his conclusion (see *People* v. *Gorg,* 45 Cal.2d 776, 780-781 [291 P.2d 469]).

The rule requires that the officer know, whether by his own observation or through information from approved sources, facts which constitute reasonable cause to believe that a felony has been committed and that the person arrested (assuming the custody necessary to a taking of blood amounts to arrest) has committed it. As we have demonstrated, evidence of such knowledge was before the court here.

Defendant does not complain of the intrusion into his body for a blood transfusion which contributed to saving his life. He attacks only the intrusion which permitted the court to protect others by imposing a 4-year probationary period of abstinence upon him.

Judgment affirmed.

Salsman, J., and Devine, J.,* concurred.

---

*Assigned by the Chairman of the Judicial Council.