[Crim. No. 19966. Second Dist., Div. Two. Mar. 13, 1972.]

THE PEOPLE, Plaintiff and Respondent, v.
ROBERT F. LACHMAN, Defendant and Appellant.

**COUNSEL**

Harry E. Weiss for Defendant and Appellant.

Evelle J. Younger, Attorney General, William E. James, Assistant Attorney General, and Gaye W. Herrington, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**FLEMING, J.**—Robert Lachman appeals a judgment of conviction for felony drunk driving. (Veh. Code, § 23101.)

Shortly after midnight on 25 December 1969 Lachman was drag racing in a 1969 Road Runner at 75 to 95 miles per hour on Sunset Boulevard in Pacific Palisades. Ahead of him Christopher Marvin was driving a van on Sunset at 25 to 35 miles per hour. As Marvin started to change lanes Lachman's car collided with his van, as a consequence of which Laura Harvey, a passenger in the van, suffered severe injuries.

According to Los Angeles Police Officer Mahoe, Lachman had "strong alcohol" on his breath, his speech was slurred, and his eyes were watery. Lachman told Mahoe he was the other party to the accident, and a witness at the scene said Lachman's car had collided with the van. Mahoe concluded Lachman was under the influence of liquor, arrested him for drunk driving, and secured a sample of his urine. The police chemist who analyzed the sample found a blood alcohol level of .14 percent and concluded that, depending on objective symptoms, Lachman had probably been under the influence of intoxicating liquor.

Vehicle Code section 23126 provides in pertinent part: "(a) Upon the trial of any criminal action . . . the amount of alcohol in the person's blood at the time of the test as shown by chemical analysis of his blood, breath, or urine shall give rise to the following presumptions affecting the burden of proof:

". . . . . . . . . . . . . . . . . . .

"(3) If there was at that time 0.10 per cent or more by weight of alcohol in the person's blood, it shall be presumed that the person was under the influence of intoxicating liquor at the time of the alleged offense."

Lachman's principal contention is that the use of this presumption vio-

lated "the fundamental and basic rule that defendant is presumed innocent until proven guilty beyond a reasonable doubt."

We find this contention unpersuasive. First, the record does not indicate that the trial court relied on the presumption in convicting Lachman or that the result would have been materially affected had the presumption not been used. (See *People* v. *Fitzgerald*, 14 Cal.App.2d 180, 191-197 [58 P.2d 718].) There was ample direct evidence to prove that Lachman was under the influence of intoxicating liquor: the chemist testified that Lachman's blood alcohol level indicated he was probably under the influence of intoxicating liquor, depending on objective symptoms; the officer testified that Lachman's speech was slurred, his eyes were watery, and there was "strong alcohol" on his breath; and the proof showed that Lachman was driving 75 to 95 miles per hour on a city street. (*People* v. *Johnson,* 230 Cal.App.2d 80, 82-83 [40 Cal.Rptr. 711].)

Second, no objection to the use of the presumption, if it was used, was made at the trial.

Third, the presumption is neither unfair nor unconstitutional. ▉ A statutory presumption affecting the burden of proof in a criminal cause does not alter the People's duty to prove defendant's guilt beyond a reasonable doubt. It merely allows proof of an ultimate fact by permitting that fact to be presumed from proof of a preliminary fact. Whether the ultimate fact is proved by direct evidence or by a presumption which arises from proof of a preliminary fact, the defendant's burden of rebuttal remains the same: he need only raise a reasonable doubt as to the sufficiency of the proof of the ultimate fact. (Evid. Code, § 607; *DeWoody* v. *Superior Court,* 8 Cal.App.3d 52, 56-57 [87 Cal.Rptr. 210].)

▉ The use of a statutory presumption in a criminal cause may infringe upon due process of law "unless it can at least be said with substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend." (*Leary* v. *United States,* 395 U.S. 6, 36 [23 L.Ed.2d 57, 82, 89 S.Ct. 1532].) In *Leary,* a federal statute prohibited transportation of marijuana known to have been illegally imported. The statute declared that proof of possession of marijuana was sufficient evidence [of knowledge of its illegal importation] to authorize conviction. After reviewing the legislative history of the statute and other available materials on the marijuana traffic the Supreme Court concluded it would be no more than speculation to say that a majority of possessors of marijuana knew the source of their marijuana. Therefore, the statutory presumption was not supported by an adequate foundation of fact and did not conform to due process of law. (395 U.S. at p. 53 [23 L.Ed.2d at p. 91].)

 The presumption in Vehicle Code section 23126, subdivision (a)(3), is not based on speculation but is founded on the long-recognized and scientifically established relationship between blood alcohol level and degree of intoxication. At bench the chemist, an experienced researcher in the significance of alcohol readings, testified that "an individual with a blood alcohol percentage falling with this range [from .10 to .15 per cent blood alcohol] will be probably under the influence of alcohol, for it is within this range, if not in the previous .05 to .10 range, that all persons will come under the influence of alcohol. . . ." (See also *Lawrence* v. *City of Los Angeles,* 53 Cal.App.2d 6, 9 [127 P.2d 931]; *People* v. *Conterno,* 170 Cal.App.2d Supp. 817, 823-824 [339 P.2d 968].) It can be said with substantial assurance that a person with 0.10 per cent or more alcohol in his blood is more likely than not under the influence of intoxicating liquor. There thus exists sufficient rational connection in experience between the preliminary fact proved and the ultimate fact presumed to satisfy the requirement of due process of law.

 Lachman's other contentions may be summarily rejected. Officer Mahoe had probable cause to arrest Lachman for drunk driving *(People* v. *Lane,* 240 Cal.App.2d 634, 635-639 [49 Cal.Rptr. 712]) and was therefore justified in taking a urine sample to determine Lachman's blood alcohol level *(People* v. *Bustos,* 247 Cal.App.2d 422, 425-426 [55 Cal. Rptr. 603]). The evidence was sufficient to establish each element in the crime. *(People* v. *Smylie,* 217 Cal.App.2d 118, 119-120 [31 Cal.Rptr. 360].) The proximate cause of the accident was one for determination by the trier of fact. *(People* v. *Lewis,* 152 Cal.App.2d 824, 828-829 [313 P.2d 972].)

The judgment (order of probation) is affirmed.

Roth, P. J., and Herndon, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 10, 1972.